### MACARIE ARCE V. THE STATE.

#### No. 4297.    Decided November 29, 1916.

**Assault to Murder—Sufficiency of the Evidence.**

Where, upon trial of assault to murder, the evidence, although circumstantial, was sufficient to sustain the conviction, there was no reversible error.

Appeal from the District Court of Webb. Tried below before the Hon. J. F. Mullalley.

Appeal from a conviction of assault to murder; penalty, imprisonment for five years in the penitentiary.

The opinion states the case.

*George & Townes,* for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of assault to murder, his punishment being assessed at five years confinement in the penitentiary.

This case is reduced by the record to the question of sufficiency of the evidence to warrant the conviction. It is a case of circumstantial evidence, and while it is not as clear and strong as some cases of this character, yet we are of opinion that the facts, taken together, are sufficient to sustain the verdict of the jury. Appellant was at the place of the difficulty where the assaulted party was seriously cut with a knife. His brother-in-law, who was drunk, was engaged in a brawl with the alleged injured party. This resulted in a bout between them, and while they were struggling, or fighting, quite a number of Mexicans came upon the scene and proceeded to assault the injured party. Among others, the defendant and his wife came rushing from their residence, which was near by, in a state of dishabille, appellant being in his night clothes and bare-footed, and his wife had not taken time to enrobe herself fully. They went upon the scene and in the melee the assaulted party was badly cut. Looking around when he felt the shock or force of the blow he discovered appellant and appellant's wife standing close by on his left. They immediately turned away and the officers arrested them and started to police headquarters. The defendant asked the officers to let him go by home and put on his clothes. They took him there, and just as they were going through or near the gate appellant dropped something. The officers returned to this place and found

a knife. There are other circumstances going to show that he was so connected with the matter that the jury was justified in concluding that appellant was guilty. Some of the policemen of the city seem to have been Mexicans; they came upon the scene and began beating the wounded soldier over the head with their clubs, one or more of them, and finally arrested and took him to police headquarters, from which point he was carried to a hospital and had an operation performed. These Mexicans set upon this soldier until he was relieved by different means and methods, and some one of them in the melee cut him, and the evidence points with some degree of cogency to appellant as the party who did the stabbing or cutting. He denied having the knife, as the balance seemed to have done, but somebody cut him, and appellant and his wife, from the State's side, were the two parties in position to have done it. They were on the left of the injured party, the wounds being on the left. The others were on his right. There was a serious wound in his side several inches long, entering the cavity sufficiently deep for the fat, as the doctor called it, to be protruding four or five inches at the time the doctor reached him.

Believing there is no sufficient reason why the judgment should be reversed, it is affirmed.

*Affirmed.*

HARPER, Judge, absent.